IN THE COURT OF APPEALS FOR THE STATE OF WASHINGTON

| | |
|---|---|
| STATE OF WASHINGTON, | No. 76672-4-I |
| Respondent, | (Consolidated with No. 78070-1-I) |
| v. | DIVISION ONE |
| NICHOLAS WINDSOR ANDERSON, | UNPUBLISHED OPINION |
| Appellant. | |

LEACH, J. - The Washington Supreme Court granted the State's petition for review in this case and remanded it to this court[1] to reconsider our previous opinion[2] in light of the court's opinion in State v. Wu.[3] We reconsider our opinion and now hold that the State must prove to a jury that Anderson's prior reckless driving conviction was originally charged as driving under the influence but does not have to prove that drugs or alcohol were involved in that case. We remand for further proceedings consistent with this opinion.

HISTORY

Anderson appealed his convictions for four counts of vehicular homicide, one count of vehicular assault, and one count of reckless driving. Pertinent to

---

[1] State v. Anderson, 195 Wn.2d 1001, 458 P.3d 786 (2020).
[2] State v. Anderson, 9 Wn.App.2d 430, 447 P.3d 176 (2019).
[3] State v. Wu, 194 Wn.2d 880, 453 P.3d 975 (2019).

Citations and pincites are based on the Westlaw online version of the cited material.

this opinion, he challenged two 24-month sentence enhancements the trial court imposed to run consecutively to each of the vehicular homicide convictions and to each other, 192 months total, because Anderson had two prior convictions for driving under the influence (DUI) and reckless driving. This challenge raised two issues.

First, Anderson challenged the trial court judge's decision that his 2005 reckless driving conviction was a "prior offense" under RCW 46.61.5055. He contended that whether his reckless driving conviction qualified as a "prior offense" presented a question of fact that a jury must resolve, while the State asserted that it was a threshold question of law for the judge. We agreed with Anderson.[4]

Second, he contended the State had to prove to a jury that his reckless driving conviction involved use of intoxicating liquor or drugs to establish it as a prior offense. In a split decision, a majority of this court agreed with Anderson.[5]

The State petitioned the Supreme Court for discretionary review on these two issues. The Supreme Court accepted review and remanded the case to this court to reconsider our previous opinion in light of the court's opinion in State v. Wu.

ANALYSIS

In State v. Wu, our Supreme Court clarified the required elements for felony DUI, and whether a judge or a jury must determine whether the State has proved the required elements. Pertinent here, the court considered who decides

---

[4] 9 Wn.App.2d at 446-47.
[5] 9 Wn.App.2d at 462-63.

whether an earlier reckless driving conviction qualifies as a prior offense that elevates a DUI from a gross misdemeanor to a felony, and whether the State had to prove that conviction involved use of intoxicating liquor or drugs.

To qualify as a prior offense, a reckless driving conviction must result from a charge originally filed as a DUI offense.[6] The court held in Wu that a jury must decide whether an earlier reckless driving conviction satisfies this requirement.[7] We reached the same conclusion in our earlier opinion. So, we do not need to reconsider our earlier resolution of this issue.

The court in Wu considered and rejected the claim that the State must prove to the jury that the earlier reckless driving conviction involved alcohol or drugs to qualify as a prior offense. It held that the State need prove only a reckless driving conviction that resulted from a charge filed as a DUI offense. Because a majority of our court reached the opposite conclusion in our earlier opinion, we reconsider and reverse that part of our decision. On remand, the State must prove beyond a reasonable doubt only that Anderson was convicted of reckless driving on a charge originally filed as a DUI offense.

In our earlier opinion, we also held the trial court should not have imposed a DNA fee. Nothing in Wu requires us to reconsider that part of our decision.

CONCLUSION

Whether Anderson's prior reckless driving conviction qualifies as a "prior offense" for purposes of enhancing his term of imprisonment for vehicular homicide involves a question of fact that a jury must decide. We remand for the

---

[6] RCW 46.61.5055.
[7] 194 Wn.2d at 889.

superior court to empanel a jury to decide this question and for the court to strike the DNA fee.

_Leach, J._

WE CONCUR:

_Chun, J._          _Andrus, A.C.J._